UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL MENDEZ-MOJENA,

      Petitioner,

    v.                            Case No.:  2:26-cv-00491-SPC-NPM

KRISTI NOEM *et al.*,

      Respondent,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Manuel Mendez-Mojena's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Mendez-Mojena's reply (Doc. 7).

Mendez-Mojena is a native of Cuba who was paroled into the United States in 1985 as a lawful permanent resident. Following conviction for assault, an immigration judge ordered Mendez-Mojena removed to Cuba on November 20, 2006. Immigration and Customs Enforcement ("ICE") released Mendez-Mojena under an order of supervision on December 18, 2006. He left the United States on August 7, 2020, and re-entered on August 19, 2020, when Customs and Border Patrol agents encountered him at a dock in Puerto Rico, arrested him, and reinstated the removal order. ICE could not execute the reinstated removal order, so it release Mendez-Mojena under another order of supervision on August 27, 2020.

On February 10, 2026, the United States Coast Guard rescued Mendez-Mojena from a sinking fishing vessel and handed him over to Border Patrol. Mendez-Mojena told Border Patrol agents he wanted to depart the United States as soon as possible. ICE took Mendez-Mojena to the U.S.-Mexico border in March 2026, but Mexico turned him away because of his age and medical condition. Mendez-Mojena has been in ICE detention since his February 2026 arrest. He challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of

uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Mendez-Mojena's petition is premature because his current detention has not exceeded 180 days.  They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained.  That assumption is inconsistent with *Zadvydas*.  It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days.  As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Mendez-Mojena

has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him to Cuba in 2020, Mexico refused to accept him in March 2026, and ICE has presented no alternative plan for removal. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Mendez-Mojena will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Mendez-Mojena to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Manuel Mendez-Mojena's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Mendez-Mojena within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record